IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN IBEME,

                        Petitioner,                                    ORDER

            v.                                                        09-cv-0449-slc

JOHN PAQUIN, Warden,
Prairie du Chien Correctional Institution,

                        Respondent.

      John Ibeme, an inmate at the Prairie du Chien Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      The subject of the petition is petitioner's June 17, 2008 conviction in the Circuit Court for Fond du Lac County of one count of homicide by intoxicated use of a motor vehicle. Petitioner contends that 1) his lawyer was ineffective for failing to advise him that the trial court was not bound by the plea agreement and that petitioner would not be eligible for Wisconsin's Earned Release Program; 2) the trial judge was biased against him; and 3) the trial judge was influenced by the media. Petitioner asserts that he did not raise these claims on direct appeal because his lawyer filed a no-merit report, in which he failed to raise the claims.

A review of records available electronically confirms that petitioner filed a direct appeal.  His lawyer filed a no-merit report to which petitioner filed a response.  The appeal is now pending in the Wisconsin Court of Appeals.  Wisconsin Supreme Court and Court of Appeals Case Access, http://wscca.wicourts.gov, State v. Ibeme, No. 2009AP0031-CRNM (visited July 20, 2009).

According to 28 U.S.C. § 2254(b)(1)(A), a habeas petition shall not be granted unless the petitioner "has exhausted the remedies available in the courts of the State."  The principles of comity underlying the exhaustion doctrine require the petitioner to give the state courts a "full and fair opportunity to resolve constitutional claims" before raising those claims in a federal habeas petition.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  To comply with this requirement, the petitioner must assert his claims through one complete round of state court review.  Id.; Lewis v. Sternes, 390 F.3d 1019, 1025-26 (7th Cir. 2004). For a Wisconsin prisoner, this means that he must present each of his claims to the Wisconsin Court of Appeals and then, assuming he is unsuccessful, include them in a petition for review to the Wisconsin Supreme Court.  Moore v. Casperson, 345 F.3d 474, 485-86 (7th Cir. 2003) (Wisconsin Supreme Court's discretion to grant judicial review is similar to that of Illinois Supreme Court, and Boerckel requires presentation of all issues to that court).

2

Petitioner has not yet exhausted his state court remedies.  The court of appeals has not yet decided his direct appeal.  Accordingly, the petition must be dismissed.  Petitioner may refile his petition after he has completed the state court appellate process.


ORDER

IT IS ORDERED that the petition of John Ibeme for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 20th day of July, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge